UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS - WESTERN DIVISION

Civil Action No: 3:17cv30031

JANETTE HERNANDEZ PAGAN, PPA

F.H., a minor,

Plaintiff

v.

CITY OF HOLYOKE, A MUNICIPAL CORPORATION,

Officer THOMAS J. LEAHY, Officer JAMES DUNN,

Officer JABET LOPEZ,

Defendants

## DEFENDANTS CITY OF HOLYOKE, A MUNICIPAL CORPORATION'S RESPONSE TO THE PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

### Request No. 1

Any and all reports, witness statements, interviews correspondence, memoranda, e-mail, forms, and/or other documents which are in your possession concerning the series of incidents described in the Complaint. This includes, but is not limited to:

a.   any and all documents describing any aspect of the encounter involving the

1



plaintiff;

b.    any and all documents describing any aspect of the 'use of officer force before, during, or after the encounter involving the plaintiff;

c.    any and all documents describing any aspect of the injuries received by the plaintiff before, during, or after his encounter with the police;

d.    any and all documents describing any aspect of the events leading to the encounter involving the plaintiff;

e.    statements and/or interviews of witnesses and any police or police officers or other persons who had any role or contact with the incidents described in the Complaint;

f    investigative reports generated by any supervisory officer or the Internal Investigations Unit or the Holyoke Police Bureau of Professional Standarps; and

f.    any and all documents related to the discipline of the individual defendants or any of the other officers who arrived at the scene.

*Response No. 1 a-f:*

*These documents have been produced pursuant to F.R.C.P., Rule 26(A)Disclosures and*

*Supplemental Disclosures of the DEFENDANTS CITY OF HOLYOKE, A*

*MUNICIPALCORPORATION, Officer THOMAS J. LEAHY and Officer JAMES DUNN.*

**Request No. 2**

Any and all documents that comprise or are part of the personnel file of the defendants'

Thomas J. Leahy, Jabet Lopez, and officer James Dunn, including the disciplinary

records, and any other documents that concern their hiring, training, duties, performance,

assignments, and mental and physical condition, i.e. fitness for duty testing.

*Response No. 2:*

*Produced on the attached USB Flash Drive are the personnel and training files of Officers*

*Leahy, Dunn and Lopez. Note: redacted from the documents produced by the City of Holyoke*

*are individuals' personal telephone numbers, personal addresses and social security numbers.*

**Request No. 3**

Any and all documents concerning or at all relevant to, any formal or informal
complaint made against or about the defendants, Thomas J. Leahy, Jabet Lopez, and
officer James Dunn, from any source and concerning any subject matter. This includes,
but is not limited to:

    a.    documents concerning all complaints and other disciplinary or supervisory or
        police review of activities listed for the defendants in the files maintained by the
        Internal Investigations Unit or BOPS;

    b.    the complete documents concerning each incident listed in the disciplinary
        records for the defendants;

    C.    the complete file and documents concerning all complaints and other
        disciplinary o r internal review of activities by the Holyoke Police Department
        concerning the defendants, and

    d.    all the information contained in the computers maintained by the Internal
        Investigations Unit (BOPS) or the Holyoke Police Department concerning
        the complaints made against the defendants, including but not limited to the
        information which is retrievable by computer codes.

e.   Any investigations conducted by the office of internal affairs or BOPS including any interview of the defendants, police officers at the scene, interviews of percipient witnesses, conclusions or discipline regarding the arrest of Felix Torres including any recorded or transcribed interviews of any witnesses or codefendants of Felix Torres.

*Response No. 3 a-e:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, the Defendant asserts that there exists an Internal Investigations Unit or BOPS file pertaining to an accidental discharge of a firearm by Officer Dunn that cause no harm or injury to any person. For the reasons stated above, the City of Holyoke objects to producing the file. There are no Internal Investigations Unit or BOPS files pertaining to Officers Leahy or Lopez. There has been no Internal Investigations Unit or BOPS investigation of the Felix Torres matter.*

## Request No. 4

For the period January 1, 2005 to the current date, all Holyoke Police Department guidelines, directives, policy statements,-procedures, training materials, in any form and of any type, concerning police policy, custom or practice regarding:

a.   discipline of police officers generally;

4

b.      specific discipline for violation of constitutional rights;

c.      the duty, if any, to report the misconduct of other police officers;

d.      the use of force by officers;

e.      documentation, protocols, regarding of injured prisoner reports or the provision of medical care to injured prisoners that police come in contact with **(Chapter 276 §Section 33)** ;

f.      the duty, if any, of officers to intervene to stop the use of excessive force by other officers;

g.      reporting the use of force by officers;

h.      defensive tactics;

i.      Policy for the use of police baton

j.      obtaining statements and/or names and contact information from percipient witnesses;

k.      the use of feet as an element of the use of force;

l.      transporting persons taken into custody;

m.      the photographing or videotaping of injured arrestee;

n.      False reporting or truthfulness in reporting.

o.      Injury to minors;

*Response No. 4 a-o:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, in response to 4 a-o, the Defendant produces the Standard Operations Procedure manual (SOP) on the attached USB Flash Drive.*

## Request No. 5

For the period January 1, 2005 to the current date, any and all documents reflecting dispositions of matters referred to the Holyoke Police Department Bureau of Professional Standards, including recommendations made by Chief of Police or the Mayor of the City of Holyoke.

*Response No. 5:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, in response to 5, the Defendant produces the September 5, 2014 Final Report (IA-06) on the attached USB Flash Drive.*

**Request No. 6**

All use of force reports or documents that relate or refer to the Plaintiff on February 8, 2014 prepared by any of the defendants' employed by the City of Holyoke.

6

*Response No. 6:*

*These documents have been produced pursuant to F.R.C.P., Rule 26(A)Disclosures and Supplemental Disclosures of the DEFENDANTS CITY OF HOLYOKE, A MUNICIPALCORPORATION, Officer THOMAS J. LEAHY and Officer JAMES DUNN.*

**Request No. 7**

All use of force reports prepared for the past 10 years by the following defendant officers in the possession and control of the City of Holyoke: Officers Healy, Dunn and Lopez.

*Response No. 7:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, the Defendant produces all available Holyoke Police Use of Force reports from 2012 to 2017.*

**Request No. 8**

All use of force reports in the possession and control of the Holyoke Police Dept. from 1/1/2009 to the present.

*Response No. 8:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent such information exists, it exists as electronically stored information from sources that the City of Holyoke hereby identifies as not reasonably accessible because of undue burden or cost. Without waiving said objection, the Defendant produces all available Holyoke Police Use of Force reports from 2012 to 2017.*

**Request No. 9**

All injured prisoner reports in the possession and control of the Holyoke Police Dept. from 1/1/2009 to the present in accordance with G.L. c. 276 § 33.

*Response No. 9:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent such information exists, it exists as electronically stored information from sources that the City of Holyoke hereby identifies as not reasonably accessible because of undue burden or cost. Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, the*

8

*Defendant produces all available Holyoke Police Department Prisoner/Arrestee Injury Reports.*

### Request No. 10

All injured prisoner reports for the past 10 years regarding arrestees that were injured as a result of an arrest that involved any of the following police officers: James Dunn, Jabet Lopez, Thomas J. Healy.

*Response No. 10:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent such information exists, it exists as electronically stored information from sources that the City of Holyoke hereby identifies as not reasonably accessible because of undue burden or cost. Without waiving said objection, the Defendant produces all available Holyoke Police Department Prisoner/Arrestee Injury Reports.*

### Request No. 11

All injured on duty reports that pertain to the following defendant officers during the past 10 years in the possession and control of the City of Holyoke: James Dunn, Jabet Lopez, Thomas J. Healy.

9

*Response No. 11:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. The release of this information is prohibited under the HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT of 1996 (HIPAA).*

## Request No. 12

All summaries or statistics or tabulations gathered by the Holyoke Police Department Bureau of Professional Standards from January 1, 2009 to the present which relate or refer to the use of force or the use of unnecessary force claims by the HPD.

*Response No. 12:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent such information exists, it exists as electronically stored information from sources that the City of Holyoke hereby identifies as not reasonably accessible because of undue burden or cost. Without waiving the said objection, the Defendant responds no such statistical or tabulated information exists.*

10

**Request No. 13**

All annual summaries prepared by the Bureau of Professional Standards regarding the number of cases investigated by that office, the nature of the claims, and what if any discipline was meted, i.e. how many cases were determined unfounded, not sustained, exonerated and/or sustained.

*Response No. 13:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, to the extent such information exists, it exists as electronically stored information from sources that the City of Holyoke hereby identifies as not reasonably accessible because of undue burden or cost. Without waiving the said objection, the Defendant responds that no such records are in possession of the Defendants.*

**Request No. 14**

All documents that relate or refer to disciplinary measures imposed on any HPD officer for unnecessary/excessive use of force and/or physical abuse or for the use of service weapons or the use of weapons of immediate opportunity from January 1, 2009 to the present.

*Response No. 14:*

11

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, the Defendant responds that no such records are in possession of the Defendants*

## Request No. 15

Any and all copies of deposition testimony given in any civil rights cases (whether in State or in Federal Court) by the following defendants: James Dunn, Jabet Lopez, Thomas J. Healy.

## Response No. 15:

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, the Defendant responds that no such records are in possession of the Defendants*

## Request No. 16

All documents that relate or refer to investigations of HPD police officers for lying, filing false police reports, dishonesty and/or untruthfulness in reporting, from January 1, 2009 to the present and the conclusion of those investigations.

12

*Response No. 16:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, the Defendant responds that no such records are in possession of the Defendants.*

**Request No. 17**

Any and all copies of deposition testimony given in any civil rights cases by members of the Holyoke Police Department (whether in State or in Federal Court) by Mayor of the City, its Chief of Police the highest ranking officer or investigator from the HPD Bureau of Professional Standards between January 1, 2007 to present.

*Response No. 17:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, the Defendant produces copies of depositions by members of the Holyoke Police Department on the attached USB Flash Drive.*

**Request No. 18**

13

All documents that related or refer to any criminal investigation conducted by the HPD against a Holyoke police officer as a result of a citizen complaint or any other internal investigation of police misconduct from January 1, 2007 and up to the present.

**Response No. 18:**

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, the Defendants produce the APPLICATION FOR CRIMINAL COMPLAINT, regarding Paul Barkyoumb on the attached USB Flash Drive..*

**Request No. 19**

All settlement agreements executed between the City of Holyoke (or the HPD) and any individual as a result of allegations of any type of police misconduct and/or civil rights, excessive force from January I, 2007 to the present. (Please note that this request is also made pursuant to G. L. c. 4 § 7 (26)).

**Response No. 19:**

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, any settlement agreements, to the extent they exist, contain confidentiality clauses that prevent the disclosure of the terms and conditions of any settlement. The City of Holyoke cites the case*

14

*of Erick DeJesus, United States District Court, District of Massachusetts, civil action no.*

*3:13 cv 30128-MAP as an example wherein Plaintiff Erick DeJesus, represented by*

*Plaintiff's attorney herein Jeanne A. Liddy, Esq. executed such a settlement agreement*

*within which there contained a confidentiality clause that prohibits the disclosure of the*

*terms of the agreement. The City of Holyoke therefore objects to the production of the*

*agreement. To the extent such agreement exists, it is in possession and control of Attorney*

*Jeanne A. Liddy, Esq.*

### Request No. 20

All documents or exhibits that any defendants' in this case intends to introduce in their case in chief.

### Response No. 20:

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully*

*drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably*

*calculated to lead to the discovery of admissible evidence as it is impossible for the Defendants*

*to now know, because discovery is pending at present, all documents or exhibits that they*

*intend to introduce in their case in chief. Without waiving this objection, the Defendant*

*states: these documents have been produced pursuant to F.R.C.P., Rule 26(A)Disclosures and*

*Supplemental Disclosures of the DEFENDANTS CITY OF HOLYOKE, A*

*MUNICIPALCORPORATION, Officer THOMAS J. LEAHY and Officer JAMES DUNN. The*

*Defendant will supplement this response if necessary.*

**Request No. 21**

Any booking videos, booking photographs or photographs taken by any defendants or in the possession and control of any defendants' that show the injuries sustained by Felix Torres on February 8, 2014.

*Response No. 21:*

*These documents have been produced pursuant to F.R.C.P., Rule 26(A)Disclosures and Supplemental Disclosures of the DEFENDANTS CITY OF HOLYOKE, A MUNICIPALCORPORATION, Officer THOMAS J. LEAHY and Officer JAMES DUNN.*

**Request No. 22**

Any booking videos, booking photographs or photographs taken by any defendants or in the possession and control of any defendants' that show the injuries sustained by Felix Torres on February 8, 2014.

*Response No. 22:*

*These documents have been produced pursuant to F.R.C.P., Rule 26(A)Disclosures and Supplemental Disclosures of the DEFENDANTS CITY OF HOLYOKE, A MUNICIPALCORPORATION, Officer THOMAS J. LEAHY and Officer JAMES DUNN.*

**Request No. 23**

Copies of any last chance employment agreements between the City off Holyoke and any police officer from January 1, 2007 to present.

*Response No. 23:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence.*

**Request No. 24**

Copies of any notices of termination of employment of HPD officers from January 1, 2007 to present.

*Response No. 24:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence.*

17

**Request No. 25**

Copies of any notices of civil services hearings involving any HPD officers in which the City attempted to discipline a Holyoke Police officer as a result of the use of excessive force or as a result of conduct unbecoming from January 1, 2007 to present.

*Response No. 25:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said objection, the Defendant responds that no such records are in possession of the Defendants.*

**Request No. 26**

Copies of any notices received by the City of Holyoke under the Massachusetts Tort Claims Act that alleges negligence on the part of a Holyoke Police officer or violations of civil rights from January 1, 2007 to the present

*Response No. 26:*

*Objection on the ground that this request is overly broad, void for vagueness, in-artfully drafted, and requests information not relevant to the Plaintiff's claims or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the said*

*objection, in response to 26, the Defendant produces presentment letters and notices on the*

*attached USB Flash Drive.*

Respectfully submitted:

THE CITY OF HOLYOKE by:

Charles J. Emma, its Attorney

_/s/ Charles J. Emma

Charles J. Emma, BBO # 542126

PO Box. 510040

Punta Gorda, Florida 33951

413-297-6367

CharlesEmmaLaw@gmail.com

CERTIFICATE OF SERVICE

(For: THE CITY OF HOLYOKE'S RESPONSE TO THE
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS)

I, Charles J Emma, as attorney for the Defendant CITY OF HOLYOKE, do hereby certify
that on March 5, 2018, I served the forgoing document on counsel of record by emailing or
mailing a copy, first class mail, postage prepaid to:

Hector E. Pineiro, Esq. BBO#555315
Robert A. Scott, Esq. BBO#648740
Law offices of Hector E. Pineiro
907 Main Street
Worcester, Massachusetts 01610
508-770-0600
hector@pineirolegal.com
robin@pineirolegal.com


Jeanne A. Liddy, Esq. BBO #646478

1380 Main Street, Suite #404

Springfield, MA 01103

Liddylaw2005@yahoo.com

 (413) 781-7096_Fax: (413)391-5793


Austin M. Joyce, Esquire
 Reardon, Joyce & Akerson, P.C.
4 Lancaster Terrace, Worcester, MA.01609
ajoyce@rja-law.com