UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANETTE HERNANDEX PAGAN, PPA,
FTH, a minor

*CA. 3:17-CV-30031-MGM*

Plaintiffs

v.

CITY OF HOLYOKE, A MUNICIPAL CORPORATION, Officer THOMAS J. LEAHY, Officer JAMES DUNN and Officer JABET LOPEZ,

Defendants

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, IMPOSE SANCTIONS AND AWARD ATTORNEY'S FEES AGAINT CITY OF HOLYOKE**

**FACTS:**

FTH filed an action under Section 1983 for the unreasonable use of force. On February 8, 2014 FTH came in contact with Edgar Zayas ("Zayas") a young despondent male—high on PCP– who threatened to kill himself while holding a loaded gun. When FTH saw him he begged not to hurt himself. FTH, courageously followed Zayas to the Holyoke bridge urging him to stop until Zayas fired the gun in the air and into moving traffic as FTHx and Mr. Rivera followed him. When Zayas fired the gun FTH hid next to bridge and ran into a nearby factory complex and was followed by police, thinking he could be involved. Rivera, was briefly detained and told the HPD Zayas was the shooter. When Officer Leahy came in contact with FTH, FTH was

unarmed- -Leahy drew his gun and pointed it at him 10 yards – and Dunn quickly assisted him. [1] FTH testified being kicked from behind, hitting the ground-losing consciousness – waking up inside a cruiser and asking how he got there. Dunn quickly re-holstered his gun (noticed FTH had no weapons), ran towards FTH and tackled him (he claims) causing him the land prone on the ground.[2] Dunn testified he punched FTH repeatedly (3-4x) in the head with closed fists as hard as he could. While on the ground a third Officer, Jabet Lopez arrived and assisted..

Leahy admitted that while FTH laid prone on the ground he struck him with closed fists on his legs and side to handcuff him. Leahy observed Lopez strike FTH with a police baton in the legs while prone on the ground – and said he didn't know if FTH was hit on the head with the baton. Lopez who weighed approx. 260lbs struck FTH with the retractable 14" baton. Lopez was aware of prohibited strike zones and claimed he struck FTH in the kidney/rib area intentionally while FTH was prone more than twice.

**Timeline of the Settlement**

Plaintiffs hereby move for enforcement of their settlement agreement. This case was reported settled by counsel of the City of Holyoke via email to the Clerk of the United States Federal District Court by email on October 15, 2019 (e.g. an email was sent by Attorney Charles Emma to Timothy Bartlett). On October 15, 2019 Timothy J. Bartlett, Deputy Clerk of the United States Federal District Court entered a Settlement Order of Dismissal ordering the action dismissed without prejudice to the right of any party, upon good cause to reopen the action within thirty (30) days if the settlement is not consummated. **Ex. 1**. On October 16, 2019 Plaintiffs' counsel received via email a Settlement and General Release. **Ex. 2**. Plaintiff also received a Stipulation of Dismissal with Prejudice. On October 23, 2019 Plaintiffs' signed a

[1] Zayas was arrested prosecuted and plead out to gun charges.
[2] Dunn admitted being disciplined in the past resulting in a multi-day suspension after shooting inside of a car occupied by individuals but that it was accidental. The police considered the discharge to be "imprudent."

General Release and returned same to Attorney Charles Emma. The General Release provided that in consideration of the payment of $XX,XXXX Janette Hernandez and Felix Torres Hernandez would remise, release and forever discharge THE CITY OF HOLYOKE and Officers Thomas J. Leahy, James Dunn, and Jabet Lopez from all debts, demands and actions arising out of an incident that occurred on February 8, 2014 in the City of Holyoke. **Ex. 3** (to be filed under seal pending court motion). Plaintiff emailed the release to Attorney Emma on October 28, 2019. **Ex. 4**. Plaintiff's counsel understood that the City of Holyoke would pay within a reasonable period of time (e.g. thirty to forty days of receipt of the General Release). On December 4, 2019 Plaintiffs' counsel received an email from Attorney Emma in connection regarding the status of the payment of the settlement. In it, Attorney Emma notified Plaintiffs' counsel: 1) he had been advised by the Holyoke Law Department that a supplemental budget was to be voted on by December 17th and, he anticipated that the money will then be allocated to pay for the settlement." **Ex. 5**. On December 18th Plaintiffs' counsel was notified by Attorney Emma that the settlement appropriation was not funded or approved by the Holyoke City Counsel.

The settlement release specifically referenced the action in the United States Federal District Court, Civil Action No. 3:17-cv-30031-MGM.[3] The General Release further provided that "Should any party to this action believe a breach has occurred , such party may petition a court of competent jurisdiction for relief in the form of enforcement and/or any applicable damages." Id. at 3 an d 4. [4]

---

[3] Plaintiffs' agreed to indemnify and hold harmless the Defendants including the City of Holyoke

[4] It also provided that the agreement shall be interpreted, enforced and governed by the laws of the Commonwealth of Massachusetts.

**Discussion**

"Settlements in civil actions in federal district courts may be subject to later judicial enforcement." Parness JA, et al, Enforcing Settlements in Federal Civil Actions. Indiana Law Rev. Vol 36:33, (2003). Any enforcement requires its own basis for jurisdiction. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 378 (1994). Jurisdiction can arise under two different heads of ancillary jurisdiction in the absence of an "independent basis for federal jurisdiction." Id. at 382. One head allows enforcement where the settlement is "in varying respects and degrees, factually, interdependent" with a claim that had been presented for adjudication. Id. at 379. The other permits enforcement when necessary for the district court "to function successfully, that is, to manage it proceedings, vindicate its authority, and effectuate its decrees." Id. at 380. [5]

As noted the 30 day order used in this case provides "a mechanism for the trial courts to bring cases to closure while retaining jurisdiction to enforce a settlement for a period of time after the closure is announced." *Pratt v. Philbrook*, 109 F.3d 18, 21 n. 5 (1st Cir. 1997) (discussing *Kokkonen v. Guardian Life Ins. Co. of Am*. 511 U.S. 375, 381-382 (1994)). This court should have jurisdiction to adjudicate the motions to enforce the settlement, which Plaintiffs' filed. "Where, as here, the underlying action is brought pursuant to a federal statute, whether there is an enforceable settlement is a question of federal, rather than state, law." *Quint v. A.E. Staley Manufacturing Co*., 246 F3d 11, 14 (1st Cir. 2001). Settlement agreements provided a preferred means to resolve disputes in lieu of costly and time consuming litigation. *Fidelity and Guaranty Insurance Co. v. Star Equipment Corp*. 541 F.3d 1, 5 (1st Cir. 2008).

[5] The term "ancillary jurisdiction" as used in Kokkonen recognizes that at times other terms are used such as pendent, supplemental, residual, essential and inherent jurisdiction – including jurisdiction of necessity. See, e.g. Parness at 33 * 4.

Settlement agreements enjoy great favor with the courts " Id. A "trial court may summarily enforce an agreement, provided that there is no genuinely disputed question of material fact regarding the existence or terms of that agreement." Here, the parties had an agreement on all material terms. The order of dismissal encapsulates that spirit if the settlement was not consummated. Plaintiffs' had a good faith belief that they would receive settlement proceeds within 30 to 40 days of receipt of the General Release. Furthermore, the City of Holyoke is in violation of the settlement agreement that Plaintiffs' executed in reliance of the payment representations. Specific performance is the appropriate remedy here. The court should order immediate payment because it is not reasonable for the City of Holyoke to delay payment without further explanation. See *Green v. City of Detroit*, Case No. 09-cv-11589 (E.D. Mich. July 22, 2011, (Zatfkoff, J) (ordering payment of $50,000 within 10 days after four-month delay).[6]

Plaintiff, by his attorneys

/s *Hector E. Pineiro*

Hector E. Pineiro BBO#555315
Law Office of Hector E. Pineiro PC
807 Main Street
Worcester, MA 01610
508.770.0600

[6] Furthermore, the Court should also order the City of Holyoke (not their lawyers, counsel for Defendant officers or the officers) to pay over $1,000 in fees under the circumstances here and the cost of attending any court hearings). Attorney's fees may be awarded as a sanction for dilatory conduct. See 28 U.S.C. § 1927. Furthermore, because this action was originally brought under 42 U.S.C. § 1983, attorney's fees should be awarded because plaintiff's will be prevailing parties as a result of this court's order of specific performance. See Prison Legal News v. Schawarzenegger, 608 F.3d 446, 451 (9th Cir. 2010); Doe v. Hogan, 421 F. Supp. 2d 1051, 1057 (S.D. Ohio 2006)

-and-

*/s/ Jeanne A Liddy*

______________________

Jeanne A Liddy
BBO#646478
Law Offices of Jeanne A Liddy
1380 Main St #404
Springfield, MA 01103
413.781.7096

370 Main St#1050
Worcester MA 01608
508.752.6733

DATED: December 20, 2019

CERTIFICATE OF LOCAL RULE 7.1 CONFERENCE

I, Hector E. Pineiro, certify that I have conferred with counsel for the parties, and counsel have agreed to assent to the within motion.

*/s/ Hector E. Pineiro*
Hector E. Pineiro

CERTIFICATE OF SERVICE

I, Hector Pineiro, certify that the within motion, filed this 20th day of December 2019, via the Court's electronic filing system, has thereby been served on all registered participants, and there are no unregistered participants.

/s *Hector Pineiro*
Hector Pineiro