UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS - WESTERN DIVISION

Civil Action No: 3:17cv30031

JANETTE HERNANDEZ PAGAN, PPA

F.H., a minor,

Plaintiff

v.

CITY OF HOLYOKE, A MUNICIPAL CORPORATION,

Officer THOMAS J. LEAHY, Officer JAMES DUNN,

Officer JABET LOPEZ,

Defendants

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SANCTIONS (Doc. 112)**

**STATEMENT OF FACTS**

For the purposes of this Opposition only, the Defendants City of Holyoke, a Municipal Corporation, Officer Thomas J. Leahy, Officer James Dunn and Officer Jabet Lopez set forth the following facts. (Defendants' Exhibit 1, Affidavit of Tasha Marshall, Esq.)

1. The City of Holyoke is self-insured for the purposes of paying the Plaintiff's settlement.

2. On October 2, 2019, the City of Holyoke, through its Law Department, authorized its counsel in the present lawsuit to offer to the Plaintiff's counsel the monetary consideration mentioned in the General Release.

3. On October 2, 2019, representatives of the City of Holyoke in good faith believed that settlement funds would be paid within a reasonable period of time after return to the city of the duly executed General Release.

4. On October 28, 2019, the City of Holyoke received the General Release, duly executed by the Plaintiffs.

5. On Nov 27, 2019, it became apparent to the City of Holyoke's Law Department that a supplemental budget would have to be approved by the City Council at its December 17, 2019 meeting to make available money to fund the settlement. Otherwise, a new tax rate would have to be set by the City Council and the city would thereafter fund settlement from its stabilization account.

6. On December 2, 2019, the City of Holyoke received Plaintiff's counsel's W-9 form, a customary and expected prerequisite to payment of a settlement.

7. On December 17, 2019, the Holyoke City Council decided to move funds into the city's stabilization account, thereby requiring city departments to request funds separately (including funds for the present settlement). The result of this was, as of December 17, 2019, the city had no money available to fund the settlement.

8. Therefore, the request for funding of the Plaintiff's settlement has been delayed until the next meeting of the Holyoke City Council in January 2020.

9. Since the funding of the Plaintiff's settlement comes from the City of Holyoke's Law Department's budget, the Law Department intends to request settlement funding at the first meeting of the City Council in January 2020.

10. The City of Holyoke intends to fully perform all of its obligations, specifically payment of the settlement's consideration, as set forth in the General Release as soon as is legally possible.

## ARGUMENT

The City of Holyoke agrees that the settlement agreement is valid and enforceable. It does, however, oppose the imposition of sanctions, costs or attorney's fees as such a request is premature, unnecessary and not supported by law.

Fundamentally, "a district court may invoke its inherent powers to impose attorney fees upon a party that acts in bad faith, vexatiously, wantonly, or for oppressive reasons during litigation." *Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1180 (S.D. Ohio 2013) (citing *Alyeska Pipeline*, 421 U.S. 240, 258-259 (1975)) (internal quotations omitted). No such untoward behavior on behalf of the City of Holyoke exists in this case. The City of Holyoke is self-insured for the purposes of paying the Plaintiff's settlement. Because of financial and process restraints imposed on city government by law, it oftentimes takes longer for a municipality to perform when compared to a liability insurer whose business it is to negotiate and pay settlements of claims such as the Plaintiff's. The city has had the executed settlement agreement in its possession less than two months as of the date of this filing (October 28, 2019—December 24, 2019). It received the Plaintiff's counsel's W-9, a customary prerequisite to payment, only 22 days ago. The city

fully intends to perform and pay the settlement as soon as it is legally permissible; that is when funds are made available by the City Council. It is anticipated that this will be done in January 2020.

In light of the forgoing, it cannot be concluded that the City of Holyoke has acted unreasonably or in bad faith respecting the settlement agreement.[1]

## CONCLUSION

In light of the forgoing, the Defendants request that the Court deny the PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, IMPOSE SANCTIONS AND AWARD ATTORNEY'S FEES AGAINT CITY OF HOLYOKE.


Respectfully submitted:

 /s/ Charles J. Emma,
Charles J. Emma BBO # 542126
PO Box 510040
Punta Gorda, Florida, 3951
413-297-6367 CharlesEmmaLaw@gmail.com
Dated: December 24, 2019
Counsel for the Defendants City of Holyoke, A Municipal Corporation,
Officer Thomas J. Leahy and Officer James Dunn

Officer Jabet Lopez by:
/s/Austin M. Joyce
Austin M. Joyce, Esquire BBO #255040
508-754-7285
 Reardon, Joyce & Akerson, P.C.

---

[1] The Plaintiff 's reliance on 28 U.S.C. § 1927 in footnote 6 of its motion is inapposite as the statute applies to the liability of counsel who multiplies proceedings in any case unreasonably and vexatiously. Footnote 6 makes clear that the Plaintiff is not requesting the imposition of any sanction on defense counsel or the individual defendant police officers.

4 Lancaster Terrace, Worcester, MA.01609
ajoyce@rja-law.com

CERTIFICATE OF SERVICE

(for: MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SANCTIONS (Doc. 112))

I, Charles J. Emma, do hereby certify that on December 24, 2019 I served MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND SANCTIONS (Doc. 112) by filing through the ECF system and notice will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF).

  /s/ Charles J. Emma, Counsel for the Defendants
Charles J. Emma BBO # 542126
PO Box 510040
Punta Gorda, Florida, 3951
413-297-6367 CharlesEmmaLaw@gmail.com
Dated: 12-24-19