**EX. 1**

## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS - WESTERN DIVISION

Civil Action No: 3:17cv30031

JANETTE HERNANDEZ PAGAN, PPA

F.H., a minor,

**Plaintiff**

v.

CITY OF HOLYOKE, A MUNICIPAL CORPORATION,

Officer THOMAS J. LEAHY, Officer JAMES DUNN,

Officer JABET LOPEZ,

**Defendants**

## AFFIDAVIT OF TASHA MARSHALL, ESQ.

I, Tasha Marshall, Esq. do hereby depose and say:

1. I am an Assistant City Solicitor for the City of Holyoke, Massachusetts.
2. I have first-hand knowledge of the facts asserted in this affidavit.
3. The City of Holyoke is self-insured for the purposes of paying the Plaintiff's settlement.
4. On October 2, 2019, the City of Holyoke, through its Law Department, authorized its counsel in the present lawsuit to offer to the Plaintiff's counsel the monetary consideration mentioned in the General Release.

1

5. On October 2, 2019, representatives of the City of Holyoke in good faith believed that settlement funds would be paid within a reasonable period of time after return to the city of the duly executed General Release.

6. On October 28, 2019, the City of Holyoke received the General Release, duly executed by the Plaintiffs.

7. On Nov 27, 2019, it became apparent to the City of Holyoke's Law Department that a supplemental budget would have to be approved by the City Council at its December 17, 2019 meeting to make available money to fund the settlement. Otherwise, a new tax rate would have to be set by the City Council and the city would thereafter fund settlement from its stabilization account.

8. On December 2, 2019, the City of Holyoke received Plaintiff's counsel's W-9 form, a customary and expected prerequisite to payment of a settlement.

9. On December 17, 2019, the Holyoke City Council decided to move funds into the city's stabilization account, thereby requiring city departments to request funds separately (including funds for the present settlement). The result of this was, as of December 17, 2019, the Law Department had no money available within its department line item to fund the settlement without further request of City Council to transfer from stabilization.

10. Therefore, the request for funding of the Plaintiff's settlement has been delayed until the next meeting of the Holyoke City Council in January 2020.

11. Since the funding of the Plaintiff's settlement comes from the City of Holyoke's Law Department's budget, the Law Department intends to request money from the City's stabilization account for the settlement funding at the first meeting of the City Council in January 2020.

12. The City of Holyoke intends to fully perform all of its obligations, specifically payment of the settlement's consideration, as set forth in the General Release as soon as is legally possible.

Signed under the pains and penalties of perjury this 24th day of December 2019.

*/s/ Tasha Marshall*

Tasha Marshall, Esq.

## CERTIFICATE OF SERVICE

(for: DEFENDANTS' EX. 1, Affidavit of Tasha Marshall, Esq.)

I, Charles J. Emma, do hereby certify that on December 24, 2019 I served DEFENDANTS' EX. 1, Affidavit of Tasha Marshall, Esq.) by filing through the ECF system and notice will be sent electronically to the registered participants as identified on the notice of electronic filing (NEF).

/s/ Charles J. Emma, Counsel for the Defendants
Charles J. Emma BBO # 542126
PO Box 510040
Punta Gorda, Florida, 3951
413-297-6367 CharlesEmmaLaw@gmail.com
Dated: 12-24-19